IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**SHELIA SCOTT**                                                                                         **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 2:07cv41KS-MTP**

**WAL-MART STORES EAST, INC.**                                                              **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#29]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:


**FACTUAL BACKGROUND**

On October 20, 2005, the plaintiff was shopping in Wal-Mart's Petal, Mississippi store located at 36 Byrd Blvd., a store owned and operated by Wal-Mart Stores East, L.P. (incorrectly identified in the Complaint as Wal-Mart, Inc.). The plaintiff checked out and after paying for her items, she proceeded to exit the store. After walking past an ice cooler near the front of the store, the plaintiff slipped and fell.

It is undisputed that prior to the plaintiff's fall, Wal-Mart Associates had loaded bags of ice into the ice cooler located at the front of the store as the events previous to

and subsequent to plaintiff's accident were captured by a Wal-Mart security camera. The video of the incident has been preserved in the regular course of business by Wal-Mart and produced in this action and offered in support of this motion.

The video shows that subsequent to the ice being placed in the ice cooler as described in the preceding paragraph but prior to the plaintiff's fall, Chris Mixon and another Wal-Mart Associate began cleaning up any visible water and ice and immediately placed a "Wet Floor" warning cone near the area of the ice cooler. The video also shows the Associate on his hands and knees wiping up visible water and ice with paper towels and surveying the area from the cooler to the exit, bent over looking for any visible ice or water on the floor.  There was also a non-slip mat in front of the ice cooler.  Further, the video shows that prior to the plaintiff's fall, twenty people walked through the very same area where the plaintiff fell, all without incident.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his

motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalia*n, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the]

court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## PREMISES LIABILITY IN MISSISSIPPI

To prevail in the plaintiff's negligence claim, she must prove by a preponderance of the evidence the following elements:

1. A duty owed by the defendants to the plaintiff;
2. A breach of that duty;
3. Damages; and
4. A causal connection between the breach and the damages, such that the breach is the proximate cause of the damages.

*Grisham v. John Q. Long V.F.W. Post*, 519 So. 2d 413, 416 (Miss. 1988).

The defendant's motion has challenged the plaintiff's negligence claim generally and the plaintiff's ability to prove a breach of duty by the defendant, specifically.  The court notes that in order for the plaintiff to prevail against the defendant's challenge by the defendant's Motion for Summary Judgment, she must make a showing sufficient to establish the existence of the defendant's breach of duty on which she will bear the burden of proof at trial.  See *Celotex Corp. v. Catrett*, 477 U.S. at 322.

Because this court has original jurisdiction of this civil action via complete diversity of citizenship of the parties under 28 U.S.C §1332(a)(1), Mississippi law controls substantive issues.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80, 58 S.Ct. 817, 82 L.Ed. 1188 (1934); *Huss v. Gayden*, 465 F.3d 201, 205-06 (5th Cir. 2006).

Under Mississippi law an owner, occupant or person in charge of a premises owes a business invitee the duty to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care. *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283 (Miss. 1986). Further, when a dangerous condition on the business premises is caused by the owner's or occupier's own negligence, no knowledge of its existence need be shown. In this case, the plaintiff contends that the defendant actually caused the water in which the plaintiff fell to be on the floor but failed to warn the plaintiff of the dangerous condition.

"Under Mississippi law, proof of an injury is not the basis for premises liability, rather negligence of the business owner must be shown. The operator of a business premises owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition. However, the business operator is not the insurer against all injuries." *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007) (citations omitted). Further, "[t]he fact that the Plaintiff suffered injuries as a result of a slip-fall on the Defendant's premises is not decisive to the issue of whether the Defendant committed a negligent act. The premises' owner is not considered the insurer of the safety of its invitees." *Dickens v. Wal-Mart Stores, Inc.*, 841 F.Supp. 768, 770 (S.D.Miss.1994)(quoting *Kroger, Inc. v. Ware*, 512 So.2d 1281, 1282 (Miss.1987)).

In this case, Wal-Mart was under a duty to "'keep the premises reasonably safe and when not reasonably safe to warn only where there [was] a hidden danger or peril that is not [in] plain and open view.'" *Magnusen v. Pine Belt Inv. Corp.*, 963 So.2d

1279, 1282 (Miss. Ct. App. 2007) (quoting *Little v. Bell*, 719 So. 2d 757 (Miss. 1998)).

The defendant has provided proof that after filling the ice cooler, its employees cleaned the area around the ice cooler, placed a non-slip mat in front of it, and placed a wet floor sign in the area. Thus the defendant argues that these actions comply with its duty to keep the area reasonably safe and further to warn of any unseen potential hazard related to refilling the ice cooler and the presence of water in the area.

The plaintiff now alleges that after she fell, she saw wet foot prints on the floor all around her. This assertion is not supported by what can be seen on the video nor any other witness statements. The plaintiff does not contend that time elapsed related to the wet floor and constructive notice of the condition or that the condition was caused by a third party are issues in this case. She only contends that the defendant caused the condition and failed to remedy it or to warn her of it.

The defendant argues that if indeed the plaintiff slipped on a wet floor, her failure to see or heed the warning of the "wet floor" sign alone prevents recovery in the instant case and that coupled with the other factors, Wal-Mart is due to prevail as a matter of law. *See Barnette v. Wal-Mart Stores, Inc.*, 2001 WL 1524406, 1-3 (N.D. Miss. 2001)(holding that placing a warning sign that Plaintiff saw would prohibit Plaintiff from asserting a claim against a Defendant); *McGowan v. St. Regis Paper Co., Inc.*, 419 F. Supp. 742, 744 (S.D. Miss. 1976)("it is frequently held that reasonable care requires nothing more than a warning of danger."); *Piggly Wiggly of Greenwood, Inc. v. Fipps*, 809 So. 2d 722, 725-26 (Miss. App., 2001)(stating in dicta that where it is undisputed that a warning sign was in place, summary judgment is proper).

After reviewing the facts of this case, in the light most favorable to the plaintiff as

the non-moving party, the court concludes that there is no genuine dispute of any material fact upon which a rational trier of fact could find that the defendant breached its duty of care to the plaintiff. The admissible evidence indicates that the defendant used reasonable care in cleaning up the area around the ice cooler after loading it and then placed a warning sign in the area to alert customers to unseen hazards. That is all that is required of a premises owner. "The duty of the proprietor is to 'eradicate the known dangerous situation within a reasonable time *or* to exercise reasonable diligence in warning those who were likely to be injured because of the danger.'" *Caruso v. Picayune Pizza Hut, Inc.*, 598 So.2d 770 (Miss. 1992)(emphasis in the original)(quoting *J.C. Penney Co. v. Sumrall*, 318 So.2d 829, 832 (Miss.1975)).

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#29]** filed on behalf of the defendant is Granted and the plaintiff's Complaint is dismissed with prejudice with each party to bear its own costs and that any other pending motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 6th day of February, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE